MINNIE FORTNER, ADMX., ETC., RESPONDENT, v. THOMAS J. KELLY, APPELLANT.—60 S. W. (2d) 642.

Kansas City Court of Appeals.  May 1, 1933.

934

*Silvers & Sheppard* for respondent.

*Harris & Koontz* for appellant.

SHAIN, P. J.—This is an action commenced in the Circuit Court of Bates County, Missouri, by William F. Fortner, now deceased, as plaintiff against Thomas J. Kelly, William Nix and Frank A. Hentschel, defendants. Change of venue was taken to Cass county, Missouri, where trial was had. Judgment was had in the trial court for the plaintiff, as against the defendant Thomas J. Kelly. This defendant duly appealed and the cause was sent to this court. After the case was here on appeal, William F. Fortner, the plaintiff, died and by due process Minnie Fortner, as administratrix of the estate of William F. Fortner, was substituted as the respondent herein.

It appears from the record that William F. Fortner, the owner and the operator of a Ford truck, was driving his truck south on State Highway No. 71 and that when he approached a place on the highway, about one-half mile south of Rich Hill, in Bates county, Missouri, he met a wagon and team traveling north on said highway; that behind said wagon and team there was a Ford coach automobile belonging to the defendant Hentschel but was being driven by defendant William Nix. This Ford occupied by the owner, Hentschel, but being driven by Nix was also proceeding north on said highway. Behind the Ford coach and also traveling north, the defendant Kelly was driving a Hupmobile automobile owned by him in which was his wife and one passenger.

The evidence is conflicting as to many details of occurrence immediately preceding the accident. The people in the Ford sedan testified that Fortner came around the wagon and team and across the center

line of the road and into the Ford sedan. Fortner testifies that the driver of the Ford sedan attempted to pass the wagon and team and ran into him.

During the progress of the trial there was a dismissal as to the defendants Nix and Hentschel and the trial concluded with Kelly as the sole defendant. It will suffice for the issues as presented herein to state that the evidence discloses that, regardless of whose fault, the truck being driven by Fortner was caused to be projected across the center line of the left slab of the road going south. It is shown that the car of defendant Kelly coming from the south crashed into the Fortner Ford truck, damaging said truck and injuring Fortner. As there is no claim that the verdict is excessive, we need not amplify here on the extent of injury. The plaintiff alleges that the defendant Kelly was negligent in the following respects, to-wit:

"1st. That defendant saw or by the exercise of the highest degree of care should have seen that the highway at said point was congested and blocked, yet he carelessly and negligently drove his car into the truck of plaintiff.

"2nd. In that he was driving his car at a high, dangerous and reckless rate of speed and carelessly and negligently failed to keep his car under control, considering the amount of vehicular traffic at said place and considering the hill over which defendant had just passed.

"3rd. In that he was driving his car with defective brakes.

"4th. That defendant failed to bring his car to a full and complete stop before he reached the point of congestion and before he struck the plaintiff's truck.

"5th. That defendant, by the exercise of ordinary care could have changed the course of his automobile so as to have avoided striking plaintiff's truck, but carelessly and negligently failed to do so."

Kelly, the appellant, hereinafter referred to as defendant, presents in his brief ten (10) specifications of error as follows:

"I. The court erred in its refusal to discharge the jury when the plaintiff improperly brought into the case the question of insurance for the reason that the question of insurance was not in the case and on the *voir dire* examination the insurance question had not been mentioned, and the effect of the answers of the plaintiff and of the witness Miller on direct examination by plaintiff's counsel was highly prejudicial.

"II. The court was in error in the giving of plaintiff's instruction No. 1 in which the court mentioned the sum of $5,000 as to personal injuries and $500 as to property damage without in anywise explaining why the amount was mentioned or stating to the jury that that

was the limit of the prayer of the plaintiff, but simply mentioned it without explanation which was highly prejudicial to the defendant.

"III. The court erred in the giving of plaintiff's instruction No. 2 which attempted to cover the whole case, in that the court told the jury in effect that if the defendant's car did not have two complete sets of adequate brakes in good working order, that the plaintiff must prevail. There was no such requirement pleaded and there was no evidence upon which to base the instruction and gave undue prominence to a feature not in the case and it did not necessarily create a condition of negligence, and also because the instruction was broader than the pleadings and did not present the issue of contributory negligence which was pleaded by defendant.

"IV. The court erred in refusing to give Instruction E which was offered by the defendant. There were five charges of negligence and on only two was there any evidence to support the charges. Therefore, Instruction E, which was withdrawing from the attention of the jury one of the charges of negligence upon which there was no proof, was improperly refused.

"V. The court erred in refusing to give Instruction G, which was another instruction withdrawing from the jury the charges of allegations of negligence which were not supported by the evidence and the instruction should have been given for the reasons set out with reference to Instruction E.

"VI. The court erred in refusing to give Instruction H which was a withdrawal instruction withdrawing another distinct act of negligence charged in the petition upon which there was no substantial evidence to support it and it was error to refuse this instruction for the reasons heretofore set out under the Instructions E and G.

"VII. The court erred in refusing to give Instruction I which was also a withdrawal instruction which should have been given as there was no evidence on which to base such an act of negligence. Therefore, it should have been withdrawn from the consideration of the jury.

"VIII. The court erred in refusing to give Instruction J which was an instruction covering the whole case from the standpoint of the defendant. The principle is so general and its application so dependent on facts, that any general statement of the law is of no benefit. Hence, no authorities are cited.

"IX. The court erred in refusing to give Instruction K asked by the defendants which specifically covers this particular case and the particular facts in this case, and specifically presents the theory that if the accident or collision between the defendant and plaintiff was caused solely by a third person or by the combined negligence of a third person and plaintiff, plaintiff cannot recover. This simply being

an abstract proposition of law dependent upon the particular facts, we have cited no authorities, because authorities would be of no help unless the facts were exactly the same, and no such case is found.

"X. The defendant complained of the action of the court in permitting the witness Dr. Crabtree to testify to the reputation and standing of two other doctors who were not witnesses and whose testimony was not offered. There being no similar situation discovered in the books, we conceive it to be a matter of first impression and no authorities are cited."

The first specification of error presents a question of oft recurring frequency. There are so many ways, legal and otherwise, of getting the fact of the existence of liability insurance before the jury that it is the exception for liability cases to reach a court of review without involving some phase of the issue. Much judicial discussion has resulted wherein distinguishment of facts do not entirely harmonize.

The basis of all complaint on the insurance issue is a somewhat justifiable presumption that the jury's knowledge of the insurance works prejudice to the defendant. The thought presents itself that there would be less prejudicial results if a frank and open statement were made by the court that insurance was involved and an examination of the panel under oath as to whether or not the fact of insurance would in anywise influence them in the consideration of the case. It may be that a jury, with a full knowledge of the fact being thus placed upon honor, would be less prejudicially influenced than when brought into the case under conditions where it is made manifest that the defendant is trying to keep it out. A reading of the cases justifies the assertion that when the fact of insurance is properly admitted over the objections of counsel that the psychological prejudicial effect is greater than if admitted under a rule such as is above presented.

The courts of this State are a unit in the conclusion that the fact of insurance in a liability case is prejudicial to a defendant. Our courts are further in harmony in the conclusion that, although prejudicial to defendant, there are legal grounds wherein the fact is admissible. This is especially true in examination on the *voir dire*.

BARNETT, C., in the opinion in Wendel v. City Ice Co., reported in 22 S. W. (2d) 218, well stated the rule as to examination on the *voir dire*, as follows: "If the record shows that an insurance company is interested in the result, or that plaintiff has reasonable cause to believe that this is so, then legal grounds exist for conducting the examination on the *voir dire*."

Any jury, where the question of insurance comes up in their examination as to qualification, cannot help conclude that insurance is involved. The question has often arisen as to reference being made

to insurance during the trial when this fact has been disclosed on the *voir dire*. In Bishop v. Music Plating Works (Mo. App.), 3 S. W. (2d) 256, the matter of insurance was brought into the case both in cross-examination of witnesses and in the argument. In that case the fact of insurance had been disclosed in the examination on the *voir dire* and the court held that there was no prejudicial error for that reason.

In the case at bar, the trial court erroneously excluded reference to insurance in the examination on *voir dire*. This, of course, presents no error in this appeal by the defendant. However, it presents an element in consideration of the assignment of error made herein by the defendant.

It appears from the evidence that Fortner, now deceased, when upon the witness stand and when the question of competency of certain photographs was being discussed, did twice bring the fact of insurance into the case. In the first instance, it had been asked him if he knew who had taken the pictures. Mr. Harris, attorney for the defendant, interjected: "It don't make any difference," when Fortner answered: "These insurance men.—These insurance men." While the question as to who took the pictures may have been a proper subject of inquiry, still even the cold record indicates an undue desire to get the question of insurance before the jury. The fact that the witness had no actual knowledge from which to testify shows either ignorance or bad faith. On another occasion it is shown that this witness, during the discussion before the court, volunteered an injection of, "These insurance men." It is clear that the witness on this occasion improperly brought the fact before the jury.

Later in the proceedings, witnesses who were testifying as to conversations had with the defendant after the accident narrated conversations in which they quoted the defendant as having said that he had insurance on his car, something like $10,000 insurance, and that they would take care of the wreck. This evidence was of course proper coming as it did in connection with a purported conversation tending to prove admission of liability.

The only injection of insurance worthy of consideration as error is the incident involving the pictures, plaintiff's Exhibits 3 and 4. The pictures are shown to have been admitted in evidence. The inquiry as to by whom taken was, we conclude, proper. While the act of the witness in interjecting his remarks was improper, we conclude that same does not constitute reversible error, for the reason that that knowledge was afterwards imparted to the jury in a proper manner, therefore our conclusion is that the incident of the pictures is not sufficient to constitute reversible error.

This brings us to a consideration of errors alleged in the giving and refusing of instructions.

It is presented that plaintiff's instruction one (1) is in error in that it included improper elements of damage and in that the full amount of damages asked for was mentioned as the maximum amount of recovery without explaining why or how that amount could be reached, thus presenting prejudicial element to the defendant. The appellant nowhere points out any improper element of damage and we find none. As to the fact that the instruction does call attention to the amount of damages asked, all we can say is, that while the Supreme Court has flashed the danger signal on this class of instruction, still we question the propriety of reversing a case on that ground and will await a more direct mandate before doing so.

It is presented that plaintiff's instruction two (2) is in error in that it told the jury that unless defendant's car did not have two complete sets of adequate brakes in good working order that plaintiff must prevail and that the instruction was further in error in that it did not present defendant's issue of contributory negligence. Instruction No. 2 for plaintiff is somewhat inartificially drawn, but we conclude, that as the petition charged defendant as negligent in driving with defective brakes and as there is evidence from which this fact can be inferred, that the fact that the instruction uses the language of the statute, section 7779 (c), Revised Statutes 1929, does not render the instruction erroneous. The jury could not construe the instruction in any other light than as merely submitting the issue of fact as to defective brakes. As to the contention that the instruction does not submit defendant's defense of contributory negligence; it is shown that defendant's Instruction D fully submits the issue of contributory negligence. A mere omission or nondirection is cured by instruction for defendant submitting the feature. [Stack v. General Baking Co., 283 Mo. 1. c. 423.] We conclude that the plaintiff's instruction No. 2 does not present reversible error.

It is presented, by defendant, that the court committed error in refusing defendant's Instructions E, F, G, and H. These instructions are of the nature of withdrawal instructions. It will be noted that in each of these instructions the beginning is as follows: "The court instructs the jury there is no evidence." From a reading of the evidence, we conclude that none of these instructions could have been given without withdrawing from consideration evidence from which the element sought to be withdrawn might be inferred. We, therefore conclude, there was no error in refusing same. Appellants often base contention upon most favorable inference drawn from their testimony. The courts must give consideration of most favorable inference from all evidence favorable to a respondent's theory.

The defendant charges error in the court's refusal to give Instruction I, in nature of withdrawal, offered by the defendant. This instruction seeks to eliminate the plaintiff's fifth charge of negligence set out in full above. As there is some evidence shown in the record from which it can be inferred that a car could have passed around to the right of the Fortner and Nix cars after they had come together, we cannot conclude that the court erred in refusing to give.

An error is charged in that the court refused to give defendant's Instruction J. Instruction J has this language:

"If you further find that the truck of plaintiff was so quickly knocked or caused to run in front of the car of defendant Kelly, that thereafter defendant Kelly did not have time to have avoided a collision with the plaintiff's truck, then your verdict must be for the defendant Kelly."

The essential elements left out of this instruction are almost too numerous to mention. No consideration of the fact that Kelly, on the account of defective brakes, did not have time to avoid a collision; no consideration of the fact that Kelly's excessive speed may have precluded him from having time to stop; no consideration of the fact that any element of alleged negligence may have precluded Kelly from having time to avoid a collision are found in the instruction. The court committed no error in refusing to give Instruction J.

The defendant presents that the court erred in refusing his Instruction K. Instruction K reads as follows:

"The court instructs the jury that if you find and believe from the evidence that the injury to the plaintiff, if any, was caused solely by the negligence of witness Nix, the driver of the witness Hentschel's car, or if you find and believe from the evidence of the plaintiff, if any, as such negligence is otherwise set out in other instructions herein, or if you find and believe from the evidence that the injury of plaintiff, if any, was caused by the joint or concurring negligence of the driver of witness Hentschel's car and the negligence, if any, of the plaintiff, as set out in other instructions and of the defendant, then your verdict must be for the defendant."

There are many right elements contained in this instruction. The instruction was evidently written in connection with the other given and refused instruction of defendant and therefore, when read only in conjunction with the instructions given to the jury lacks clarity. We cannot say of this instruction that it absolutely mis-states the law but in consideration of the fact that defendant's given Instructions C, D, and L fairly cover the defense and in view of the fact that we find no element in the refused instruction that is not covered by the other instructions in the case, we conclude that the refusal to give is not reversible error.

Error is assigned as to the admission of testimony of Dr. Crabtree as to the standing of two other doctors not witnesses. We see no reason for the introduction of such testimony. The admission of this testimony appears to us as error. However, the defendant does not specify in what respect his case was prejudiced thereby. We conclude that the admission was harmless error.

Upon the whole there appears to have been a fair trial of the cause. The defendant does not even present that the evidence fails to show liability and there is no claim that the verdict is excessive. We, therefore, conclude that the judgment should be affirmed and in conformity to that conclusion, the judgment is affirmed. *Bland, J.*, concurs; *Trimble, J.*, dissents.