J. C. STEELE, RESPONDENT, v. ROBERT THOMAS, APPELLANT.—101 S. W. (2d) 499.

St. Louis Court of Appeals. Opinion filed February 2, 1937.

866

*Hiller & Hiller* and *Rendlen, White & Rendlen* for appellant.

*J. L. Gutting* and *J. D. Brown* for respondent.

SUTTON, C.—This is an action to recover damages resulting to plaintiff on account of personal injuries sustained by his minor son, Donald Steele, when struck by defendant's Model T Ford motor-truck.

The petition charges that the defendant negligently failed to operate said motortruck in a careful and prudent manner, and negligently failed to exercise the highest degree of care while operating said motortruck so as not to endanger the life and limb of any person on the highway; that defendant negligently failed to give or sound any warning signal, or negligently failed to provide the truck with a horn or other signalling device; and that said defendant negligently failed to stop or slacken the speed of said truck, or negligently failed to provide the truck with proper and adequate brakes as provided by law.

The cause was tried to a jury. At the conclusion of plaintiff's case in chief, the court gave an instruction directing the jury to find for defendant. The jury so found, and judgment was given accordingly. From the order of the court granting plaintiff a new trial, defendant appeals.

The order granting a new trial does not show the ground on which a new trial was granted, but it was obviously granted on the ground of error in the giving of the instruction directing a verdict for defendant.

Defendant contends here that the giving of such instruction was proper (1) because there was no evidence to show that one Kleinert, who was driving the truck at the time of the accident, was at that time in the employ of defendant and acting within the scope of his employment, and (2) because the evidence fails to show any negligence on the part of defendant or the driver, resulting in the injury complained of.

The evidence shows that the accident occurred on U. S. Highway 61, in Clark County, just south of the Iowa line, on Sunday, April 30, 1933, between three and four o'clock in the afternoon. The truck was traveling south on the west side of the pavement, which was sixteen feet wide. An automobile, driven by Leo C. LaFever, was traveling north on the east side of the pavement. Plaintiff's son Donald, six years old, and his brothers, Joe, thirteen years old, and Harold, nine years old, were walking south on the dirt shoulder west of the pavement. They were returning to their home in Alexandria from Keokuk where they had visited their sister. As they walked along the dirt shoulder on their way home the two older boys engaged in throwing rocks at the fences. Donald, having a cornstalk in his hand, amused himself by running across the pavement and striking at passing automobiles with the cornstalk. As defendant's truck approached the point where Donald was struck he ran across the pavement in front of the truck, struck at the LaFever automobile as it passed going north, and then ran back across the pavement, and had reached a point on the pavement about a foot from the west edge of the pavement when he was struck by

the right front fender of the truck. There was testimony that the truck was twenty-five feet away from Donald when he first stepped onto the pavement in running across the pavement to strike at the LaFever automobile, and that the truck was at that time running at a speed of fifteen to twenty miles per hour, and could have been stopped, running at that speed, if equipped with adequate brakes, in a distance of ten to fifteen feet.

Defendant owned and operated a beer place on U. S. Highway 61 between Keokuk and Alexandria. The accident occurred on this highway between the beer place and Alexandria.

Defendant in his answer admits his ownership of the truck, but alleges that at the time of the accident Kleinert, who was driving the truck, was not in the employ of defendant.

The testimony shows that there was a space of three or four feet between the truck and the LaFever automobile as they were passing each other, and that the truck could have been swerved to the left three or four feet without striking the LaFever automobile.

The boy, when the truck struck him, fell on the dirt pavement to the right of the truck, which moved about six feet after it struck him.

Allen Wood testified as follows:

"I live at Alexandria, and lived there in April, 1933. Robert Thomas is my second cousin. I work for him. I am related by marriage to J. C. Steele. I know Kleinert. On April 30, 1933, I was working for Robert Thomas at a beer place by the bridge, working on the night shift. The beer place was open on that date. Thomas hired and paid me. Kleinert and I did the same work, consisting, among other things, in transporting beer and empty cases to and from Alexandria along U. S. Highway 61. Kleinert worked seven days and I worked seven nights per week. We used a Model T Ford truck to transport the beer and empty cases. This was the only truck Thomas had.

"The emergency brake on the truck was powerless. The foot brake was loose. It was impossible to bring the truck to an immediate stop.

"I know of no others employed by Thomas than Kleinert and me.

"The truck had three pedals; no gear shift lever. One of the pedals was reverse. If pressed it checked the car. Another pedal put the car in low gear. The car would not run as fast with the car in low gear."

The witness did not say how long before the accident the brakes had been in a defective condition, but he evidently obtained his knowledge respecting their condition through his previous service in driving the truck.

It thus appears that defendant was the owner of the truck in-

volved in the accident. Kleinert, who was driving the truck at the time of the accident, was in defendant's general employ. He was employed to drive this truck, every day in the week, in transporting beer and empty cases to and from Alexandria, along U. S. Highway 61. Defendant's beer place was open on the day of the accident. At the time of the accident, which occurred to the south of the beer place, Kleinert was driving the truck south toward Alexandria on U. S. Highway 61. He was driving the truck at a time and place when and where he would have been driving it if engaged about his master's business.

Surely, these facts, shown by direct and undisputed evidence, are sufficient to raise a presumption that Kleinert was acting within the scope of his employment at the time of the accident. [Byrnes v. Poplar Bluff Printing Co. (Mo.), 74 S. W. (2d) 20; Yerger v. Smith (Mo.), 89 S. W. (2d) 66; O'Malley v. Heman Construction Co. (Mo.), 255 Mo. 386, 164 S. W. 565; Ross v. St. Louis Dairy Co. (Mo.), 98 S. W (2d) 717.]

With respect to the contention that there was no showing of any negligence on the part of defendant, or his driver, resulting in the injury complained of, the testimony shows that the truck, if equipped with adequate brakes, could have been stopped within a distance of ten to fifteen feet, and that the driver had a distance of twenty-five feet in which to stop the truck after the child went upon the pavement. Either stopping the truck or a slight checking of its speed would have saved the child from injury. But if the driver was unable to stop the truck or check its speed on account of defective brakes then a finding of negligence, resulting in the injury complained of, in running the truck upon the highway without adequate brakes, was warranted, under section 7779(c), Revised Statutes 1929, Mo. St. Ann., sec. 7779(c), p. 5227, which requires that all motor vehicles, except motorcycles, shall be provided at all times with two sets of adequate brakes, kept in good working order.

Clearly the learned trial court committed error in directing a verdict for defendant, and rightly granted plaintiff a new trial on that ground.

The Commissioner recommends that the order of the circuit court granting plaintiff a new trial be affirmed and the cause remanded.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The order of the circuit court granting plaintiff a new trial is accordingly affirmed and the cause remanded. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.