William E. BISCOE, Appellant,

v.

John F. KOWALSKI and Jerome Carl Kowalski, by his father and guardian ad litem, John F. Kowalski, Respondents.

No. 44859.

Supreme Court of Missouri.

Division No. 1.

April 9, 1956.

Motion for Rehearing or to Transfer to Court en Banc Denied May 14, 1956.

**134**

R. P. C. Wilson, III, Platte City, E. E. Thompson, Sam Mandell, Kansas City, Popham, Thompson, Popham, Mandell & Trusty, Kansas City, of counsel, for appellant.

Harry P. Thomson, Jr., Frank J. Stark, John M. Kilroy, Kansas City, Shughart & Thomson, Kansas City, Mo., of counsel, for respondents.

VAN OSDOL, Commissioner.

This is an appeal from judgments for defendants rendered in an action for $20,000 damages for personal injuries allegedly sustained when an automobile driven by defendant Jerome Carl Kowalski and owned by his father, defendant John F. Kowalski, collided with the left side of the rear end of a school bus operated by plaintiff, William E. Biscoe. The bus, headed westwardly, had been stopped for the discharge of school children at a farm home on the right (north) side of Bee Creek Road (or Boulevard), an east-west public highway surfaced with gravel in Platte County.

Plaintiff had alleged that defendant Jerome, a minor seventeen years old, was driving the automobile as the agent, servant and employee of his father, defendant John. It was further alleged that defendants negligently caused, allowed and permitted the automobile operated by defendant Jerome to violently collide with the rear end of the school bus; and that defendants were negligent in failing to keep a lookout ahead, in failing to stop, slacken speed, or change the course of the automobile so as to avoid the collision after defendant Jerome saw or in the exercise of the highest degree of care could have seen the school bus standing on the highway, and in failing to stop (see Section 304.050, subd. 1, RSMo 1949, V.A. M.S.) before coming to the place where the bus was standing.

At the conclusion of plaintiff's evidence the trial court sustained a motion for a directed verdict as to plaintiff's claim against defendant John. At the conclusion of all of the evidence the trial court overruled plaintiff's motion for a direct-

ed verdict in plaintiff's favor as against defendant Jerome. The jury returned. a verdict in favor of defendant Jerome, the trial court having submitted plaintiff's case as against that defendant in plaintiff's verdict-directing Instruction 1, as follows,

"The Court instructs the jury that if you find and believe from the evidence that on or about September 25, 1952, plaintiff was operating the school bus, mentioned in evidence, in a westerly direction on Bee Creek Boulevard, a public highway, * * * and brought same to a stop with the right-hand side thereof near the north edge of the shoulder on aforesaid highway, approximately in front of the Mason driveway, referred to in evidence, for the purpose of permitting the Mason school children to alight from said bus, if you so find, and if you further find that while said bus was stopped in the aforesaid position Jerome Kowalski negligently caused, allowed and permitted the automobile he was driving to strike and collide with the rear end of the aforesaid school bus, and if you further find that as a direct result of the aforesubmitted negligence of Jerome Kowalski plaintiff was injured then you are instructed. that your verdict should be in favor of plaintiff and against the defendant."

Herein upon appeal, plaintiff-appellant contends defendant Jerome was negligent as a matter of law in driving into the school bus which was stopped for the discharge of school children on the public highway, and, consequently, the trial court erroneously denied plaintiff's request for a directed verdict in plaintiff's favor on the issue of Jerome's negligence. Plaintiff-appellant further contends that, inasmuch as defendant Jerome was negligent as a matter of law, it was error for the trial court to give defendant Jerome's Instruction A, by which the jury was told that in their deliberations it was their duty to decide first whether plaintiff was entitled to recover against defendant Jerome, and that until this question had been determined the jury had no right to con-

sider the amount of plaintiff's damages. And plaintiff-appellant further contends that evidence tending to show that the brakes on the automobile were inadequate convicted defendant John of negligence as a matter of law in failing to have his automobile equipped with two sets of adequate brakes in good working condition, Section 304.560(3) RSMo 1949, V.A.M.S., or at least a prima facie case of negligence in violating the statute was made out, and, therefore, the trial court erred in sustaining defendant John's motion for a directed verdict at the close of plaintiff's case.

There was evidence introduced tending to show that plaintiff, forty-eight years old, was the regularly employed driver of the school bus. On September 25, 1952, sometime between four and four-fifteen in the afternoon, plaintiff was driving the 36-passenger school bus, weighing three or four tons, in transporting school children to their various homes from the school of a reorganized school district which included Platte City. Proceeding from Platte City, the school bus had been followed by the 1951-model Nash sedan belonging to defendant John and driven by defendant Jerome.

Plaintiff testified that Jerome, in following the bus at that time, and in the afternoon of the preceding day, several times had run up "behind me and stopped real quick." Plaintiff said he at one time stopped the bus and motioned Jerome to come on by, but he wouldn't do it. "He kept right on behind the bus."

Plaintiff stopped the bus at the Mason farm home situate on the north side of Bee Creek Road at a point about three-fourths of a mile west of its intersection with U. S. Highway No. 71. While the school bus was there stopped, plaintiff, looking back through the window of the rear door, saw the Nash, five or six hundred feet away, coming westwardly over the hill east of the Mason home at a speed around sixty miles an hour. The Nash sedan, as stated, collided with the left side of the rear end of the bus. The

force of the collision jarred the bus forward three or four feet. A school girl sitting or standing near the rear end of the bus sustained a bump or "knot" when her head had come into contact with and cracked the glass of the rear door. None of the other children, thirty or thirty-five in number, sustained any injury.

Plaintiff got out of the bus and talked with defendant Jerome who explained that his brakes had. failed. Plaintiff did not then claim to be injured, nor did he mention any injury when he was talking with defendant Jerome the next day.

. Defendant Jerome's written statement was introduced into evidence in which statement Jerome admitted and explained as follows, "I hit the school bus from the rear because my brakes went out on me. Before the time the brakes went out on me I had to pump the brakes to get them to hold on a number of occasions. The brakes had been in that condition for two or three weeks." In testifying in his own behalf, defendant Jerome said that about noon of the day of the collision he had had occasion to pump the brakes—the pedal didn't go all the way down. He denied that he had been "racing up behind this bus, stopping, catching up with it, or any-thing of that sort." He saw the bus stop when he came over the hill east of the Mason home. He did not apply the brakes until his automobile was about four car lengths from the back end of the bus. He had been following the bus to find out where one of the school girls resided.

Defendant John testified he had driven the sedan every day while at work in Kansas City during ten days or more before the collision, and had driven the sedan on Saturday or Sunday preceding the collision (on Thursday). He had had no difficulty with the brakes. He had been away from home for three or four days before the day of the collision, and had left the sedan at home for the use of the family.

The effect of the conflicting evidence introduced relating to plaintiff's injury is of particular interest in this case. The questions whether or not plaintiff was actually injured in any respect in the collision, and, if so, the nature and extent of such injury were strenuously contested, and these questions have a peculiar relation to the contentions of the parties herein upon appeal.

There was medical testimony introduced by plaintiff tending to show that, in the collision, plaintiff had suffered a "whiplash" injury to his neck which aggravated an old injury and fracture to his neck and left shoulder sustained in June, 1947. Plaintiff said he had not completely recovered from this former injury. Plaintiff also introduced evidence tending to show there was a narrowing of the space between the fifth and sixth cervical vertebrae in which spinal region there was a pre-existing arthritic condition. Physicians were of the opinion that trauma had aggravated the pre-existing condition in plaintiff's neck and left shoulder, and had "lighted up" or activated or reactivated the pre-existing arthritic condition in the cervical spine. Although physicians testifying in plaintiff's behalf gave their opinions that these reactivated or aggravated painful conditions of the neck, shoulder and spine were due to trauma experienced in the collision, they admitted that these conditions could have come about without trauma. On the other hand, there was medical evidence tending to show that plaintiff's arthritis was of the degenerative type, progressive through the years, and that there were no clinical or X-ray manifestations of any condition or activation or reactivation thereof which was caused by any trauma experienced in the 1952 collision. In passing, we say the jury was not obliged to believe plaintiff's evidence. And, parenthetically, we note there was also evidence that plaintiff, a member of a bowling team, had bowled once a week during the 36-week season of 1953; that during 1953 and 1954 he had gone hunting and fishing; has continued driving the school bus since a month after the collision; and has been engaged in a supplementary vocation of electrical wiring. His net income for the year 1951

was $1,519; for 1952, $1,990; and for the year 1953, $2,191. Although plaintiff was wearing a neck brace or collar at the trial, the collar had not been prescribed by a physician and worn by plaintiff until in September, 1954.

■ As we have said, at the conclusion of plaintiff's evidence the trial court sustained a motion for a directed verdict in favor of defendant John F. Kowalski. And, as stated, plaintiff had alleged that the son, defendant Jerome, was driving the sedan as the agent, servant and employee of his father, defendant John. Plaintiff was seeking recovery under the doctrine of *respondeat superior* for the alleged negligence of the son. But plaintiff does not argue here that the evidence was sufficient in showing, prima facie, that the son was the agent of the father. Plaintiff now takes the position and makes the contention that the evidence tending to show that the brakes were not adequate and previously were not in good order made out a case for negligence of defendant John in violating Section 304.-560(3), supra. One decisive difficulty with this contention is that plaintiff did not pursue that theory in the trial court. Plaintiff did not plead negligence of defendants, or either of them, in violating the statute, Section 304.560(3), supra; and there is nothing in the record to indicate that at any time during the trial plaintiff sought to utilize the evidence tending to show the inadequacy of the brakes as a ground for recovery and that the parties in the trial court treated such evidence as admitted by consent on such an issue. Of course, the evidence that the brakes failed as well as the evidence that the brakes previously had not been in order was material and relevant on the question of whether defendant Jerome was legally excusable from negligence in violating Section 304.050, subd. 1, supra. See Sams v. Adams Transfer & Storage Co., Mo.Sup., 234 S.W.2d 593; and Lochmoeller v. Kiel, Mo.App., 137 S.W.2d 625, wherein such evidence was considered upon the question of lawful excuse for *specifically alleged* negligence in violation of

the statute requiring adequate brakes. It is of interest to notice that, in the Sams case also, a case cited and relied upon by plaintiff, negligence of defendant Adams Transfer & Storage Co. was specifically alleged by plaintiff in his petition as follows, "(d) Said defendant negligently failed to have said truck equipped with two sets of adequate brakes in good working order." The specific allegation was supported by evidence, and the jury was instructed in effect that such failure, if so, was negligence as a matter of law. This court held the instruction was not erroneous, there being no evidence introduced of any legal excuse for such failure.

We hold that the trial court did not err in directing a verdict for defendant John F. Kowalski.

■ Assuming that defendant Jerome's conduct (in failing to stop and in driving the sedan into the rear end of the school bus which, as stated, had stopped for the discharge of school children) was not legally excusable because of any sudden and unforeseeable failure of the brakes, and that such conduct constituted negligence as a matter of law, yet the trial court correctly refused plaintiff's request for an instruction directing a verdict for plaintiff at the conclusion of all of the evidence. This instruction, if given, would have required the jury to render a verdict for plaintiff even though the jury believed plaintiff had suffered no injury or aggravation of any pre-existing injury or condition as a result of the collision of September 25, 1952. Even though the violation of the statute, Section 304.050, subd. 1, supra, be considered negligence as a matter of law, this does not mean that such violation of the statute is actionable negligence, and that plaintiff herein was entitled to recover as a matter of law. See generally 65 C.J.S., Negligence, § 19 c, pp. 417–418.

■ It is argued that even had there been no evidence of actual injury plaintiff was entitled to judgment for at least nominal damages. In support of this argu-

ment plaintiff has cited Wente v. Shaver, 350 Mo. 1143, 169 S.W.2d 947, 145 A.L.R. 1176, an action under the wrongful death statute; King v. City of St. Louis, 250 Mo. 501, 157 S.W. 498, in which it was obvious there was substantial actionable injury and loss of earnings; Heuer v. John R. Thompson Co., Mo.App., 251 S. W.2d 980, action for failure to comply with the "service letter" statute; Thompson v. St. Louis Public Service Co., Mo. App., 242 S.W.2d 299, action for assault and battery where there was actual physical injury, and it was said humiliation and mental suffering could be inferred from the character and extent of plaintiff's injuries; Greenlake Inv. Co. v. Swarthout, Mo.App., 161 S.W.2d 697, action for defamation of title; and Carpenter v. City of Versailles, Mo.App., 65 S.W.2d 957, action for wrongful discharge of sewage on plaintiff's real property. We believe these cases are not applicable here. Plaintiff's counsel did not request the direction of a verdict for plaintiff on the theory that plaintiff was entitled to but nominal damages. Plaintiff herein sought recovery of substantial damages for an alleged actual physical injury. When the instruction directing a verdict for plaintiff was proffered, plaintiff's counsel stated to the trial court that the instruction, if given, "would leave in the case the subject of the amount of damages, to be allowed by the jury." And the trial court replied, "Let it show it is refused. I may say for the record that there might be a dispute as to whether or not there had been injury sustained * * *." Thus the trial court recognized that (assuming defendant Jerome was negligent) the jury questions remained as to whether plaintiff had sustained any injury, the result of Jerome's negligence, as well as what amount would reasonably compensate plaintiff for any injury found to have been sustained as the result of such negligence.

It is said in Eickmann v. St. Louis Public Service Co., 363 Mo. 651, 253 S.W. 2d 122, that the three elements of plaintiff's claim were negligence, causation,

and injury. In that case defendant admitted liability in the collision of its vehicles but denied that plaintiff had sustained injury. This court correctly said there were left open the jury questions—did plaintiff sustain injury, and, if so, what amount of damages would reasonably compensate her.

■■ It was said that actionable negligence implies injury. This, in an action for personal injury allegedly sustained in the negligent derailment of defendant's train. McGuire v. Chicago & A. R. Co., Mo.Sup., 178 S.W. 79, L.R.A.1915F, 888. Actionable negligence involves, (1) the existence of a duty on the part of the defendant to protect plaintiff from an injury; (2) the failure of the defendant to perform the duty; and (3) *the injury to the plaintiff from such failure.* When these elements concur, they constitute actionable negligence. McGuire v. Chicago & A. R. Co., supra. See also Wolfmeyer v. Otis Elevator Co., Mo.Sup., 262 S.W.2d 18. Otherwise expressed, the essential factual elements of a claim for personal injury due to negligence are— negligence (the failure of defendant to perform a duty to protect plaintiff from harm), causation, and injury. Eickmann v. St. Louis Public Service Co., supra; Knight v. Richey, 363 Mo. 293, 250 S.W. 2d 972. We hold that the trial court correctly refused to direct a verdict for plaintiff.

■ Having properly refused to direct a verdict for plaintiff, the trial court at plaintiff's request submitted plaintiff's case as against defendant Jerome to the jury by Instruction 1, supra. This instruction did not in any way instruct the jury that defendant Jerome's conduct, as submitted in the hypothesized circumstances, was negligent. And plaintiff did not offer an instruction in any way instructing the jury that defendant Jerome was negligent in the hypothesized circumstances. The Instruction 1, supra, submitted (as an issue of fact for the jury) the question whether defendant Jerome, in the hypothesized circumstances, negligently

caused, allowed and permitted the automobile he was driving to strike and collide with the rear end of the school bus. It would seem plaintiff should not and does not complain of the trial court's failure to advise the jury that defendant Jerome was negligent as a matter of law, inasmuch as the only verdict-directing instruction (which included the submission of plaintiff's injury) proffered by plaintiff submitted negligence of defendant Jerome as a factual issue. Lochmoeller v. Kiel, supra.

The first paragraph of defendant Jerome's Instruction A, which paragraph contains the language of which plaintiff particularly complains, is almost identical in its language to Instruction No. 6 in West v. St. Louis Public Service Co., Mo.Sup., 236 S.W.2d 308, at page 310. The instruction simply told the jury to determine first whether plaintiff was entitled to recover before giving consideration to the amount of recovery. Since at least one fact or factual element (injury, the result of defendant Jerome's negligence) essential to plaintiff's recovery was for the determination of the jury, the trial court did not err in giving the instruction. The instruction was a cautionary one, the giving of which rested largely in the discretion of the trial court. Mendenhall v. Neyer, 347 Mo. 881, 149 S.W.2d 366, and cases therein cited; West v. St. Louis Public Service Co., supra; Lukitsch v. St. Louis Public Service Co., 362 Mo. 1071, 246 S.W.2d 749; Hogan v. American Transport, Mo.Sup., 277 S.W.2d 495.

The judgments should be affirmed.

It is so ordered.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.