Raleigh E. RICE, Appellant,

v.

Robert S. ALLEN, d/b/a Allen Coal Company, Respondent.

No. 46169.

Supreme Court of Missouri,

Division No. 2.

Jan. 13, 1958.

Motion for Rehearing or for Transfer to Court en Banc Denied Feb. 10, 1958.

Roy A. Larson, Jr., Sprinkle, Knowles & Carter, Kansas City, for appellant.

David R. Hardy, David H. Clark, Sebree, Shook, Hardy & Ottman, Kansas City, for respondent.

BARRETT, Commissioner.

In this action to recover $75,000 damages for personal injuries the trial court directed a verdict in favor of the defendant at the close of the plaintiff's evidence and the plaintiff has appealed.

In May 1952, the defendant, Robert S. Allen, owned and operated seven or eight trucks in his coal business. The plaintiff, Raleigh E. Rice, an experienced mechanic, owned and operated a garage. The defendant Allen had been Rice's customer for two years. Rice did the "general repair" work on Allen's trucks; Allen usually told Rice what "was ailing them" and if there was a "complete breakdown" Rice used his tow truck and pulled the "ailing" truck in, sometimes one of Allen's truck drivers left the truck at the garage, and sometimes Rice went to Allen's residence and drove the truck to the garage. Rice said, "He would always tell us when we had to tow it in."

On May 9, 1952, Allen stopped at the garage and told Rice "to go over (to Allen's home two miles from the garage, 11419 Felton, Sugar Creek) and get the truck. * * * He told us to go over and get the truck and check the brakes and some minor other work, I don't remember what it was. * * * He said to get the truck and check the brakes, see what needed to be done with them." A truck driver had informed Allen that the brakes had to be "pumped," and that is what Allen told Rice. Rice says, however, that the only brakes mentioned were the foot brakes, "only brake you can pump."

Rice's mechanic drove him to the Allen residence where the 1949 Chevrolet dump truck was parked in the alley on level ground. There were no blocks "scotching" the wheels, the truck was in gear with the hand brake on. Rice got in the truck and pumped the "foot pedal" two or three times and "got a half pedal of brake." He then started the motor and "hit the brake again." That time he "had a good three-quarters of pedal." He described the two braking systems on the truck, the hydraulic foot brake which operated on all four wheels and the mechanical hand brake which operated on the two rear wheels, but he did not say whether he tested the hand brake, the inference is that he did not. After testing the foot brake and getting the described half and three-quarters pedal he decided to drive the truck to his garage; accordingly, he released the hand brake and started the truck forward.

While the truck was stopped in the alley it was on level ground, but the alley was downhill and steep for two blocks and ended in a cul-de-sac. As the truck moved forward Rice let up on the accelerator "so the truck could hold the weight back," instead, "it jumped out of gear" and the motor died and the truck gained momentum. He "hit the foot brake and I didn't have anything," he tried unsuccessfully to start the motor and then he grabbed the emergency brake and "It come clear back, I didn't have anything." He again pumped the foot brake and tried to put the truck in gear but it only gained momentum and when its speed was thirty to thirty-five miles an hour he opened the door, stepped on the running board, and jumped. When he jumped he landed on an unnoticed brush pile and was tossed back under the rear wheels of the truck and seriously injured.

Initially the case involved several issues but the plaintiff has limited this appeal to a single determinative question. As to brakes the motor vehicle law provides: "All motor vehicles * * * shall be provided at all times with two sets of adequate brakes, kept in good working order, * * *." V.A.M.S. § 304.560(3). It is said that the plaintiff's evidence shows, beyond question, a violation of the statute; it is argued that a violation of the statute is negligence per se and, therefore, it is contended that the trial court erred in directing a verdict for the defendant.

█ While the terms "negligence per se" and "negligence as a matter of law" have often been loosely employed (annotation 170 A.L.R. 611, 660; 38 Am.Jur., Sec. 158, p. 827; 65 C.J.S. Negligence § 19, p. 413), not always as meaning that the court may direct a verdict upon the issue (Prosser, Torts, Sec. 34, p. 161; Fortner v. Kelly, 227 Mo.App. 933, 60 S.W.2d 642), Missouri is committed to the doctrine that a violation of this and similar statutes constitutes negligence per se. Lochmoeller v. Kiel, Mo.App., 137 S.W.2d 625; Sams v. Adams Transfer & Storage Co., Mo., 234 S.W.2d 593; Steele v. Thomas, 231 Mo.App. 865, 101 S.W.2d 499; Anderson v. Asphalt Distributing Co., Mo., 55 S.W.2d 688, 86 A.L.R. 1033. Factually all of these cases and those cited in the texts and annotations are unlike the circumstances of this unique case and perhaps could be distinguished on that basis. But, having adopted the rigorous rule of negligence per se for the violation of penal rule of the road statutes, Missouri has also developed with it, necessarily, "factors of excuse" (2 Harper & James, Torts, Sec. 17.6, p. 1008), sometimes called "justifiable violation" (49 Col.L.R. 21, 31), or, as said in the light cases, an "excused violation." Annotation 21 A.L.R.2d 7, 15. For cases directly and impliedly recognizing excuses even though there was in fact a technical violation of the statute see Collins v. Beckmann, Mo., 79 S.W.2d 1052; Cantwell v. Cremins, 347 Mo. 836,

149 S.W.2d 343; Biscoe v. Kowalski, Mo., 290 S.W.2d 133; Wilson v. Shumate, Mo., 296 S.W.2d 72.

██ Of course, a patron owes a certain duty to a mechanic about to work on his automobile or truck and in some circumstances may incur liability for failure to warn of known lurking dangers. Parker v. Drake, Mo.App., 220 S.W. 1000; Vandeventer v. Shields, Mo.App., 241 S. W.2d 53; 61 C.J.S. Motor Vehicles § 741, p. 887; 19 Negligence & Compensation Cases Annotated (N.S.), p. 467. But here Mr. Allen informed the plaintiff that the foot brake was out of repair and so as to the foot brake he was not subjected to an unknown hazard and, of course, exercised his own judgment as to whether he should attempt to drive the truck. It may be as to the hand brake that Rice was not guilty of contributory negligence as a matter of law (Alexander v. Barnes Grocery Co., 223 Mo.App. 1, 7 S.W.2d 370), but, as indicated, this case is not presented and we are not directly concerned with the theory of a patron's failure to warn of a danger or defect known to him and unknown to the mechanic. Biscoe v. Kowalski, supra. It may be as to driving or operating the truck upon the streets and highways, and even as to its maintenance "at all times," that the duty is upon the owner to provide the statutory equipment (Plannett v. Mc-Fall, Mo.App., 284 S.W. 850, 853), but as to the emergency or hand brake there is no evidence that Allen knew that it was not "adequate" or "in good working order" and in that respect the case stands as though the brakes, as sometimes happens with lights and other equipment, and other rules of the road, had suddenly and unexpectedly failed. Biscoe v. Kowalski, supra; Smith v. Finkel, 130 Conn. 354, 34 A.2d 209; Varas v. James Stewart & Co., 223 Mo.App. 385, 17 S.W.2d 651; annotations 170 A.L.R. 1, c. 663–644; 21 A.L.R. 2d 1, c. 15–19. Allen, the respondent, was not driving and did not specifically direct Rice to operate the truck with defective hand brakes, even though the obli-

gation was his to maintain the truck with two sets of adequate brakes. As long as there is warning of known dangers to those entitled to notice, it is certainly an "excusable" or "justifiable" violation of a mandatory brake statute for the owner to seek the repair of his brakes at the hands of an experienced mechanic and in this circumstance the violation of the statute may be wholly irrelevant to the plaintiff's particular claim upon this appeal. 2 Harper & James, Torts, Sec. 17.6, p. 1012.

■ Since all the facts and circumstances concerning the brakes and the violation of the brake statute affirmatively appeared at the close of the plaintiff's evidence the trial court properly directed a verdict in favor of the defendant. Accordingly, the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.