**Lois BEEZLEY and Glenn Beezley, Respondents,**

v.

**Edwin Dean SPIVA and Frisco Transportation Company, a Corporation, Appellants.**

No. 46305.

Supreme Court of Missouri,

Division No. 2.

May 12, 1958.

Motion for Rehearing or to Transfer to Court en Banc Denied June 9, 1958.

692

Roy Coyne, Max Patten, Joplin, for appellants.

Edward G. Farmer, Jr., John R. Martin, Joplin, for respondents.

EAGER, Judge.

This suit is one for damages for personal injuries to respondent Lois Beezley, damages to the husband for loss of her services and society, and also for property damage to the husband's car. · The petition is in three counts. We shall refer to the respondents as plaintiffs, and to appellants as defendants. Plaintiff Lois had a verdict for $15,000, and plaintiff Glenn one for $5,000 on his loss of services count, and $114.89 for his property damage. A motion for new trial was duly filed and overruled, and this appeal taken.

■ We are met at the outset with a motion to dismiss the appeal for the insufficiency of appellants' statement of facts under Supreme Court Rules, Rule 1.08, 42 V.A.M.S. The statement of facts leaves much to be desired, but we have concluded with some hesitation that it is not so wholly deficient as to require the penalty of dismissal. Other failures to comply with that rule also appear which we shall mention later.

Defendant Spiva was the driver of a tractor-trailer unit owned by the other defendant, Frisco Transportation Company; the tractor was a 1945 model White. It was equipped with air brakes; when the tractor was connected to the trailer the foot brake operated the air brakes on both tractor and trailer, although there was a "hand valve" which would operate the tractor brakes separately. The air came from a compressor on the tractor with air tanks on both tractor and trailer. The tractor was also equipped with a mechanical hand brake or emergency brake "on the floor board" of the cab. On the afternoon of this accident, September 6, 1955, Spiva started up this tractor at defendant's terminal in Joplin, tested its air brakes, and hooked it up to the loaded trailer; he then tried the trailer brakes, and tried the combined brakes of both, which, he testified, worked perfectly. Thence he proceeded to an appointed destination in the city, stopping several times en route; he testified that at all of these stops, approximately six, the air brakes worked satisfactorily. The accident occurred about 5:00 p.m. on Seventh Street, just east of Main Street.

Plaintiffs, with Glenn driving and with two small grandchildren in the car, had stopped on Seventh Street just east of Main for a traffic light; they were headed west, and one or two cars had stopped ahead of them; their car was in the curb lane with other cars in the line to their left. Mr. Beezley testified that his foot was resting lightly on the brake. Spiva, in his unit, came up behind the Beezleys' car at a speed, so he testified, of 8 to 10 miles per hour; as he applied his air brakes to stop he heard a "hissing noise" which was the air escaping; he estimated that he was from 20–30 feet behind the Beezley car when he tried his brakes, and that he could have stopped in 6 to 8 feet with his air brakes operating, had it been necessary. The air brake pedal went clear to the floor; he then grabbed the hand valve which controlled the trailer brakes, but found that it had no effect because all the air was gone. He then tried to get the gears into reverse, and testified that he accomplished this just as the vehicles were "ready to make contact." At this moment the tractor "jerked" and he pulled on the emergency brake, but in the meantime he had bumped the Beezley car, while moving at "approximately five miles per hour." The bumper of the tractor slid over the rear bumper of the car. There was some uncertainty in the evidence as to whether, and if so, how much, the Beezley car was actually moved forward, since it was apparently held back more or less by the interlocking of the bumpers. We think this immaterial. When Spiva and plaintiff Glenn Beezley got out, the former admittedly said, in substance, that he was sorry but that he had no brakes. Police were called and he was arrested. There was much ado at the trial about the result of those proceedings, all of which was wholly unnecessary and improper. The evidence showed that a "diaphragm" on the tractor, constituting a part of the air-braking system, had suddenly split and had let the air in the system escape. There is no real contention that this was not a sudden and excusable emergency, so far as the air

brakes were concerned. The real controversy here revolves around the mechanical emergency brake and the alleged failure, under § 304.560(3) RSMo 1949, V.A.M.S. (all statutory citations will be to RSMo 1949, V.A.M.S.), to have " * * * two sets of adequate brakes, kept in good working order * * *." Plaintiffs produced no testimony regarding the brakes. Spiva, as stated, did not attempt to use the emergency brake until approximately the instant of the contact. He testified that the emergency brake, not connected with the air system, was the "second best way" of slowing down in the absence of air brakes, the best way being with the gears; that the emergency brake would not stop that unit, loaded, in 20 or 30 feet at 8–10 miles per hour, and that while it would have "slowed it down" in that distance, it would require 50 feet to stop the unit with the emergency brake. The latter statement was apparently an estimate based on no actual experiment. The import of Spiva's testimony was that he did not have sufficient space in which to stop the unit with the emergency brake and intentionally used a means which he considered preferable. There was no evidence of the distance in which a normal or "adequate" emergency brake would stop such a loaded unit, and no evidence as to what would constitute an adequate emergency brake. Spiva further testified that the emergency brake would hold the unit "in setting still"; a mechanic (not in the general employ of defendant Frisco) who worked on the air brakes and installed a new diaphragm a day or so after the collision, testified that the emergency brake would not hold the tractor on a sloping floor and they blocked the wheels, as they did on "every truck," and that this brake was in a bad state of repair; he did not state, however, that he had ever specifically examined it or worked on it; he also testified that such a brake could be rather suddenly burned out if left on while the tractor was moving.

In the view we take of the case we need not digest the evidence concern-

ing Mrs. Beezley's injuries. She claimed a more or less typical whiplash injury. Counsel for defendants make much of the contention that the medical testimony merely showed that her condition "could have been caused" by either bad teeth or by injury suffered in this collision, and that the verdict, therefore, rests upon speculation and conjecture. We shall not find it necessary to discuss this point, but we may say, in view of another trial, that the evidence clearly shows that *some* injury was sustained by her in this collision. Nor do we find it necessary to consider the point made that the court erred in refusing to discharge the jury by reason of statements of counsel and controversies which arose when the parties, pro and con, indulged in wholly improper attempts to show the result of the police court proceeding against defendant Spiva. That, we trust, will not occur again. The two points just mentioned are sufficiently raised in appellants' brief. Points 3 and 4, both involving instructions, are insufficient. See Ambrose v. M. F. A. Co-Op. Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647, loc. cit. 649, 650. However, given Instruction No 1, which appellants seek to attack by their Point 3, constitutes the very crux of this case and we find it impossible to consider the appeal intelligently without ruling upon it. For that reason only we consider the point. For a somewhat analogous situation see Evinger v. Thompson, 364 Mo. 658, 265 S.W.2d 726, loc. cit. 736.

Given Instruction No. 1 was as follows: "The Court instructs the jury that under the evidence in this case the defendants are guilty of negligence as a matter of law in failing to equip and maintain 2 sets of adequate brakes on the truck mentioned in evidence.

"The Court instructions the jury that it is admitted that a collision occurred between defendant's truck and plaintiff's automobile, and further instructs the jury that if you find and believe from the evidence that as a direct and proximate result of said collision the plaintiff Lois Beez-

ley was injured and plaintiff Glenn Beezley's car was damaged, then your verdict should be for plaintiffs on all three counts of plaintiffs' petition."

■ It is often said that the unexcused violation of a statute constitutes negligence per se; at least such seems to be the majority rule. Harper and James, Torts, Vol. 2, § 17.6, p. 997; Prosser on Torts, 2nd Ed., § 34, p. 161. That rule has often been stated in the Missouri cases. See the discussion in Rice v. Allen, Mo., 309 S.W.2d 629, 631, as applied to this particular statute, § 304.560(3). But, even though the violation of the statute be negligence per se, someone, either court or jury, must first find *as a fact* that there was a violation. In the present case the court assumed to do so, and so instructed the jury. We are told in appellants' brief that the trial court so acted upon the authority of Sams v. Adams Transfer & Storage Co., Mo., 234 S.W. 2d 593.

■ Ordinarily it is the function of the jury to pass upon all oral evidence, and in doing so it may find against a party on his uncontradicted and unimpeached evidence. Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558. And, indeed, it is at least very seldom that a trial court is justified in directing a verdict in favor of a party having the burden of proof where the case depends upon oral testimony. Cluck, supra, and cases there cited. In our case, as noted, the court itself found and told the jury that defendant's unit did not have two sets of adequate brakes. We hold that this was error. We have examined carefully the Sams case, supra, and have referred to the transcript and briefs in that case. It is true that the court there stated that the defendant Adams "was guilty of negligence as a matter of law" for failure to have two effective brakes. [234 S.W.2d 595.] The record in that case shows that the instruction of which the principal complaint was made (2–a), contained the following: "if you believe and find from the evidence that the truck at and before the accident was

not equipped with two sets of adequate brakes on it, kept in good working order * * *." Two of the parties there recognized in their briefs that the issue as to whether the brakes were adequate was thus submitted to the jury as a question of fact; the bare statement was made by defendant Adams that the instruction submitted negligence therein "as a matter of law"; this was apparently based on the fact that in the first part of the instruction it was stated that a violation of the statute would constitute negligence; however, it is clear that the jury was there required to find a violation as a fact issue. We are forced to the conclusion that some of the language in that opinion was unnecessary to the decision, and that we should not consider it as controlling here. Also, the facts there were considerably different from ours, in that the driver actually used the emergency brake and admittedly was unable to stop with it; however, we do not regard this factual difference as determinative.

In the case of Lochmoeller v. Kiel, Mo. App., 137 S.W.2d 625, 630, it is stated that when proof is adduced that the defendant failed to perform his statutory duty in having two adequate sets of brakes "a case of negligence is made for the jury in the first instance, that is, potentially or prima facie, * * *." That case was decided upon the defense of an unavoidable and excused violation in that there was a sudden failure of the air brakes; rather strangely, there was no specific discussion of the emergency brake, presumably because there was no sufficient time to use it. The reference there to negligence as a matter of law was (137 S.W.2d loc. cit. 630): " * * * and it would only be where, admitting the violation, he failed to offer any legal excuse therefor, that negligence could be said to be established as a matter of law. * * *" We regard the reference to an "admitted" violation as inapplicable to the present case.

In the following cases the question of the adequacy of the brakes was apparent-ly regarded as a fact issue: Anderson v. Asphalt Distributing Co., Mo., 55 S.W.2d 688, 86 A.L.R. 1033; Fortner v. Kelly, 227 Mo.App. 933, 60 S.W.2d 642, 645; Steele v. Thomas, 231 Mo.App. 865, 101 S.W.2d 499; Smyth v. Hertz Driv-Ur-Self Stations, Mo.App., 93 S.W.2d 56; Wilson v. Shumate, Mo., 296 S.W.2d 72, 75. We may note that excusable violations were recognized in the Wilson case, supra, and in the very recent case of Rice v. Allen, Mo., 309 S.W.2d 629. We have found no Missouri case in which the trial court actually instructed the jury that, as a matter of law, the defendant was negligent by reason of a violation of this statute, as was done here.

In the recent case of Biscoe v. Kowalski, Mo., 290 S.W.2d 133, where the defendant driver ran into the rear of a school bus, language is used which might suggest that the violation of a statute may justify an instruction declaring negligence as a matter of law. But, while defective brakes were there shown by admissions, the court said that the brake statute was not pleaded or relied upon, and the actual discussion was of the statute (§ 304.050) requiring a motorist to stop "before reaching" a school bus which had stopped upon the highway. The question of the brakes was apparently considered relevant as to the existence of a possible excuse for the violation of the school bus statute (loc. cit. 137). In that case the conceded collision stood as an admission of a violation of that statute.

■ There was no evidence whatever here concerning the distance within which an "adequate" emergency brake would have stopped this tractor-trailer, or what constituted an "adequate" emergency brake. Spiva testified, apparently as an opinion but without objection, that he could have stopped with that brake in 50 feet; true, a mechanic testified, without evidence that he made any specific examination, that the brake was in bad repair, but this statement could not operate as a binding admission of the defendants. It seems clear that

Spiva's statement that he had no brakes referred simply to the failure of the air brakes. We conclude that on all the oral testimony it was for the jury to determine as a fact issue whether the unit was equipped with the "two sets of adequate brakes, kept in good working order" required by the statute.

■ The necessity of proximate causation between the violation of the statute and the injury is generally recognized. Lochmoeller v. Kiel, Mo.App., 137 S.W.2d 625; Smyth v. Hertz Driv-Ur-Self Stations, Mo.App., 93 S.W.2d 56. On another trial the jury must be instructed upon the issue of proximate cause, as arising from the failure, if such be found, to have the required adequate brakes; the present instruction merely required the jury to find the injury was a direct and proximate result of "said collision," which is a wholly different thing. We base this discussion upon the assumption that plaintiffs will again rely upon a violation of the brake statute. The element of proximate causation here is rendered somewhat tenuous by the fact that Spiva did not actually use the emergency brake; however, if his failure to use it was due to the fact that it was inadequate and known to be so, then its inadequacy might have some proper connection. If this issue is to be submitted at another trial it would seem appropriate, if not necessary, to develop whether an "adequate" emergency brake could have stopped this vehicle within the distance remaining when the air brakes failed. Appellants' Point 4 concerning alleged error in refusing offered instructions is wholly insufficient, and we do not consider these. At another trial the parties may be guided, in offering instructions, by what has been said in this opinion.

The judgments in favor of both plaintiffs will be reversed and the entire cause remanded for a new trial. It is so ordered.

All concur.