Ellen DICKERSON (Plaintiff), Respondent,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation (Defendant), Appellant.

No. 28896.

St. Louis Court of Appeals.
Missouri.

Sept. 21, 1954.

Rehearing Denied Oct. 15, 1954.

Lloyd E. Boas and Robert E. Staed, St. Louis, for appellant.

Morris B. Kessler and John T. Murphy, Jr., St. Louis, for respondent.

WOLFE, Commissioner.

This is an action for damages arising out of personal injuries that the plaintiff sustained when a bus operated by the defendant upon which she was a passenger was struck in the rear by a street sprinkling truck owned and operated by the City of St. Louis. Both the city and St. Louis Public Service Company were originally joined as defendants, but a verdict was directed for the city at the close of the plaintiff's case. The trial proceeded as to the St. Louis Public Service Company and resulted in a verdict and judgment against it in the sum of $7,500. From this judgment the defendant prosecutes this appeal.

On the morning of March 29, 1949, Ellen Dickerson was riding to work on one of the defendant's buses. The bus traveled southwardly on Sarah Street and made a right turn into Chouteau Avenue. There was a regular bus stop on Chouteau a short distance west of its intersection with Sarah and it was at this stop that the plaintiff and some other passengers desired to leave the bus. The bus came to a stop some distance from the curb although there was nothing to prevent it from pulling into the curb where there was a regular bus stop zone of sufficient length for it to park and discharge passengers. The plaintiff did not notice anything unusual about the operation of the bus except that it stopped out in the street. She was at the rear door from which two passengers had alighted ahead of her when the bus was struck violently in the rear by the street cleaning truck. The impact threw her out into the street. She stated that the bus had stopped about 10 feet from the curb and had been there for about 2 seconds when the collision occurred.

The driver of the city truck testified on behalf of the plaintiff. He said that he was traveling westwardly on Chouteau Avenue, driving a flushing truck which was loaded with 2,000 gallons of water. When he came to the intersection, he saw the bus turn from Sarah into Chouteau and start westwardly on Chouteau ahead of him. He did not continue to watch it but was looking down shifting gears when suddenly he saw the red stop lights of the bus in the middle of the street just 10 or 15 feet ahead of him. He did not know how long the bus had been stopped. At that time he was traveling at about 12 or 15 miles an hour. He applied the foot brakes but did not use his emergency brake and the truck did not slow down much before it collided with the back end of the bus. He said that if he had made a full application of his brakes his truck would probably have stopped. He also said that if he could have swerved the truck he could have gone between the bus and the curb. The impact pushed the bus westwardly about 3 feet. After the collision the driver with the aid of a supervisor for the city department of streets and sewers measured the distance of the bus from the curb and found that it was 11½ feet.

One of the passengers called as a witness for the plaintiff stated that the stopping of the bus was normal and that he had alighted and walked to the curb when he heard a crash and turning saw the plain-

tiff lying in the street about 8 feet from the curb.

The driver of the bus, testifying on behalf of the defendant, stated that he could not make a wide turn as the bus proceeded into Chouteau Avenue and that he stopped the bus with the front end of it about 3½ feet from the curb and with the rear end of it slightly more toward the center of the street. He said he thought that the bus had been stopped for 15 or 20 seconds before it was struck.

Another witness estimated that the bus had been stopped for 30 seconds before the truck struck.

The case was submitted to the jury upon the theory that the St. Louis Public Service Company was guilty of negligence if its driver stopped the bus at a place where it was not safe for the plaintiff to alight and that it was negligent if it violated the city ordinance which, with certain exception not present here, requires vehicles to stop near the right-hand curb.

It is contended that the court erred in overruling the defendant's motion for a directed verdict. The reason advanced is that the plaintiff's own evidence showed as a matter of law that the negligence of the driver of the city truck was the sole, independent and intervening cause which produced the plaintiff's injuries, and that the negligence of the defendant in stopping its bus away from the curb could not have been the proximate cause of the collision and the resulting injuries to the plaintiff.

■ The question of whether or not an act of negligence is the proximate cause of an injury is ordinarily for the jury. Cade v. Atchison, T. & S. F. Ry. Co., Mo. Sup., 265 S.W.2d 366. It is, however, incumbent upon the plaintiff to present proof from which a jury may properly find that the negligence complained of caused the injury. Mere evidence that the defendant violated an ordinance or a statute is not in itself sufficient to make a case of actionable negligence unless facts are also shown from which it could be found that the defendant's act was the proximate cause of

the injuries for which the plaintiff seeks to recover. Krelitz v. Calcaterra, Mo.Sup. 33 S.W.2d 909; Larsen v. Webb, 332 Mo. 370, 58 S.W.2d 967, 90 A.L.R. 67; Cantwell v. Cremins, 347 Mo. 836, 149 S.W.2d 343; Sutton v. City of St. Joseph, Mo.App., 265 S.W.2d 760.

There is, however, the doctrine of intervening efficient cause which relieves the original wrongdoer of liability for his negligent act if the intervening cause breaks the chain of events so that they become independent, and as stated in 65 C.J.S., Negligence, § 111, p. 685:

■ "An intervening cause will be regarded as the proximate cause, and the first cause as too remote, where the chain of events is so broken that they become independent and the result cannot be said to be the natural and probable consequence of the primary cause, or one which ought to have been anticipated. The law will not look back from the injurious consequences beyond the last efficient cause, especially where an intelligent and responsible human being has intervened.

■ "On the other hand, it is well settled that the mere fact that other causes, conditions, or agencies have intervened between defendant's negligence and the injury for which recovery is sought is not of itself sufficient in law to relieve defendant from liability; and if the injury is the natural and probable consequence of the original negligent act or omission, and is such as might reasonably have been foreseen as probable, the original wrongdoer is liable notwithstanding the intervening act or event."

De Moss v. Kansas City Rys. Co., 296 Mo. 526, 246 S.W. 566; Smith v. Mabrey, 348 Mo. 644, 154 S.W.2d 770; Madden v. Red Line Service, Mo.App., 76 S.W.2d 435.

■ As the doctrine of intervening efficient cause applies to the facts before us there can be no doubt that the chain of events was broken. The bus had been

204

brought to a normal halt and had been standing still long enough for two passengers to alight and one of them had walked a distance of 10 feet to the curb before the collision. Thus the facts distinguish this case from those where a vehicle makes a sudden stop away from the curb and is struck by a following vehicle, as in Matthews v. Mound City Cab Co., Mo.App., 205 S.W.2d 243, for in such a situation the sudden stopping of the first vehicle sets in motion an unbroken chain of circumstances leading to the plaintiff's injury. In the case under consideration the defendant's bus was stopped in broad daylight and it was in plain view of those in following traffic. It had in fact been seen by the driver of the city truck some time before he drove his truck into collision with it. Had the truck driver been looking he could have seen it stopped ahead of him, and there is no doubt that his negligence was the proximate cause of plaintiff's injury.

This alone, however, would not relieve the defendant from liability if the bus driver might reasonably have foreseen, as the natural and probable consequence of stopping the bus as he did, that it would be struck by a following vehicle. It is certainly not natural or probable that the driver of a truck will run it head-on into a bus, plainly visible, standing in a city street where traffic moves slowly, and therefore under the facts before us the collision was not a consequence that the bus driver was required to foresee.

In view of the foregoing we must hold that the negligence of the driver of the city truck was an intervening efficient and proximate cause of the plaintiff's injury, and that the trial court erred in refusing to direct a verdict for the St. Louis Public Service Company.

For this reason it is the recommendation of the Commissioner that the judgment be reversed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed.

RUDDY and BENNICK, JJ., and HOLMAN, Special Judge, concur.