William D. WILKERSON, Respondent,

v.

Larry E. SMITH, Appellant.

No. 23796.

Kansas City Court of Appeals.

Missouri.

April 1, 1963.

William H. Sanders, Dean F. Arnold, Walter F. Moudy, Caldwell, Blackwell, Sanders & Matheny, Homer A. Cope, Kansas City, for appellant.

John I. Moran, Lester J. Vandever, Deacy & Deacy, Kansas City, for respondent.

BROADDUS, Presiding Judge.

This is an action for damages for personal injuries. It arises from a collision between a Chevrolet automobile operated by plaintiff and an Oldsmobile automobile operated by defendant.

Plaintiff had a verdict and judgment in the sum of $3350. The jury found against defendant on his counterclaim wherein he sought the sum of $50,000. Defendant appealed to the Supreme Court and that court transferred the case to this court upon the authority of Jameson v. Fox, 364 Mo. 237, 260 S.W.2d 507, 59 A.L.R.2d 80.

The accident happened at 6:30 a. m. on October 19, 1960, at the intersection of Booth Avenue and U. S. Highway 40 in Jackson County, Missouri. Highway 40 is

a four lane highway with two lanes for eastbound traffic and two lanes for westbound traffic. Booth Avenue is a blacktop road which forms a junction with the north side of Highway 40. There is a slight grade going east on Highway 40 which causes a gentle crest located 344 feet east of Booth. A viewer at Highway 40 and Booth can see cars approaching from the east a distance of 550 feet away.

All witnesses agree that the collision occurred when the plaintiff, who had been traveling east on Highway 40, turned left and in front of defendant's westbound automobile. All agree that the collision occurred in the outside or north lane for westbound traffic. The front of defendant's automobile came into contact with the right center and right rear of plaintiff's automobile. The other pertinent facts are in dispute. We will set out plaintiff's version of how the accident occurred when we discuss the points presented by defendant.

Defendant's testimony as to how the collision arose is that he was going 40 miles per hour when he saw plaintiff's automobile turn left and into his lane at a speed of 10 to 15 miles per hour; that he was only 70 feet away when plaintiff began to make his turn; that plaintiff did not signal a left turn, nor did he stop his automobile prior to making his left turn.

Defendant contends that plaintiff's Instruction 2, which submits defendant's humanitarian negligence, was erroneous in permitting plaintiff to recover on conflicting factual theories.

██ In this case the evidence presented two divergent sets of essential facts, and two irreconcilable theories. Cases are legion supporting the proposition that the plaintiff, after obtaining a verdict, is entitled to the benefit of all evidence favorable to his theory and to all favorable inferences to be drawn therefrom. Price v. Nicholson, Mo., 340 S.W.2d 1. The law is also clear that, on review, the evidence must be viewed in the light most favorable to the

party at whose instance and request the instruction was given. Ferguson v. Betterton, 364 Mo. 997, 270 S.W.2d 756.

Now, let us consider the evidence supporting plaintiff's theory. Plaintiff testified that he was eastbound on U. S. Highway 40, intending to turn left and head north on Booth Avenue. Plaintiff turned on his blinker to signal a left turn, when he was about 150 or 200 feet back west of the intersection. As plaintiff approached the intersection, he slowed to permit oncoming traffic to clear the intersection. After the intersection had cleared, plaintiff looked east along Highway 40, and saw that there were no other westbound cars between his position and the crest of the hill to the east. Plaintiff, whose automobile had never stopped moving, went into his turn at approximately three or four miles per hour. Plaintiff had traveled completely across the south lane for westbound traffic and the front of his car was entering the north lane for westbound traffic when plaintiff first observed the defendant's automobile coming over the crest of the hill to the east. Plaintiff continued at the same rate of speed until defendant had covered approximately half of the distance between the hillcrest and plaintiff's position, at which time plaintiff realized for the first time that defendant was traveling approximately 60 or 65 miles per hour. At that time plaintiff accelerated his speed. At the time of the impact, plaintiff's automobile was almost completely north of the north edge of Highway 40, and only the rear four feet projected back into the north lane for westbound traffic. The damage to plaintiff's automobile was confined to the right rear quarter panel. Plaintiff testified that at the time he first saw defendant's oncoming car, defendant was in the north lane for westbound traffic, and that there were no other westbound automobiles in front of or to the left of defendant's automobile. Defendant continued moving west in his right-hand lane and the impact took place in defendant's right-hand lane. Defendant did not swerve to his left, despite the fact that his left-hand

lane for westbound traffic was completely free and clear of other traffic.

Defendant argues that the evidence presented two conflicting sets of facts, and that for this reason Instruction 2 should have hypothesized additional facts. In the case of Speak v. Pryor, Mo.App., 355 S.W. 2d 431, this court decided these identical issues. The Speak case arose from an intersection collision, and plaintiff submitted his case to the jury under the humanitarian theory. There was a strong conflict between the testimony of the parties, and the evidence presented conflicting and contradictory versions of the collision. This court approved plaintiff's humanitarian instruction, which is indistinguishable from plaintiff's Instruction 2 submitted in this case.

The case of Davis v. Quality Oil Company, Mo., 353 S.W.2d 670, cited by defendant, is clearly not in point. The Davis case merely holds that plaintiff failed to prove every element of his humanitarian submission. There is no such failure of proof in the case at bar.

Miller v. Riss and Company, Mo., 259 S.W.2d 366, also cited by the defendant is not in point. The Miller case held that plaintiff may not submit his case under two contradictory theories of recovery. There is no contradictory submission in the instant case. Instruction 1 submitted defendant's primary negligence of excessive speed and failure to keep a lookout. Instruction 2 submitted humanitarian negligence in failure to swerve. There is nothing contradictory between these two theories.

Defendant also contends that Instruction 2 was erroneous in that it failed to define where plaintiff's zone of imminent peril began. Defendant concedes in his brief that "As a general rule plaintiff's humanitarian instruction does not need to hypothesize the place where plaintiff entered into a position of peril." Defendant then claims to find an exception to this general rule in Smithers v. Barker, 341 Mo. 1017, 111 S.W.2d 47. The Smithers decision is distinguished

from our present case in Blanks v. St. Louis Public Service Company, Mo.App., 342 S.W.2d 272, 1. c. 276, where the court states:

"What is implied in defendant's argument is that the instruction should have specified the place where plaintiff came into a position of imminent peril. As stated in Harrington v. Thompson, Mo., 243 S.W.2d 519, 527, any such requirement ' * * * tends to encroach upon the province of the jury, places an unnecessary burden upon the plaintiff, and may tend to confuse rather than to clarify.' The identical argument made here by defendant was likewise made by it in Newman v. St. Louis Public Service Co., Mo., *en banc,* 244 S.W.2d 45, where the instruction referred to plaintiff's position as 'on Broadway.' The court there pointed out (loc. cit. p. 48) that 'This instruction required the jury to find that plaintiff was in a "position of imminent peril," and that this was the ultimate and issuable fact for the jury to determine. These are ordinary English words'. (citations omitted) The instruction in this case required a similar finding. It is not reasonable to believe that an intelligent jury would have been misled into thinking, as defendant contends, that plaintiff came into a position of peril the moment she stepped off the west curb of Broadway, particularly in view of the fact that by another instruction the jury was told that ' * * * by the term "imminent peril" is meant a place where there is certain danger and not a place where there is just a mere possibility of an injury occurring.' We hold that the instruction is not vulnerable to the attack made upon it. Price v. Nicholson, Mo., 340 S.W.2d 1."

Instruction 2 requires a finding that "Wilkerson turned to his left, and thereafter became and was in a position of imminent peril * * *." This is sufficient hypothesization of "imminent peril", and

has been approved in Price v. Nicholson and Speak v. Pryor, supra.

It may be observed that the term "imminent peril" was further limited and defined by defendant's Instruction 8. The definition of "imminent peril" contained in defendant's Instruction 8 has been held by Missouri courts to be sufficient for a humanitarian submission. Price v. Nicholson; Blanks v. St. Louis Public Service Company, supra.

In support of his contention, defendant cites the cases of Harrington v. Thompson, 243 S.W.2d 519 and Dwinell v. Thompson, Mo., 243 S.W.2d 988. In each of these cases the court approved humanitarian submissions made by the respective plaintiffs, and the respective cases were each distinguished from the Smithers case, which is relied upon by defendant. In the Harrington case, supra, the court stated at page 525 of 243 S.W.2d:

"Just when one, under the evidence in any particular case, comes into and is in a position of imminent peril is a question for the jury to determine * * * an instruction which permits the jury to determine that time and place is a proper one so long as the instruction does not contain language, e. g., as in Smithers v. Barker, supra, which specifically directs a jury to, or makes likely that a jury will, find that plaintiff was in a position of imminent peril at a time and place when and where he could not have been; *in other words, so long as the instruction does not contain a misstatement as to where a position of imminent peril begins."* (Emphasis supplied.)

We rule the contention against defendant.

Defendant also says that Instruction 14 given on behalf of plaintiff is erroneous. The instruction is lengthy and we need not set it out. It is a contributory negligence instruction regarding the counterclaim as-serted by the defendant. Defendant's criticism is leveled at the phrase "when plaintiff realized the danger of an accident." The negligence on defendant's part which is set forth in the instruction is that defendant operated his vehicle at a dangerous rate of speed. An examination of the entire instruction will show that the phrase complained of can correctly be treated as mere surplusage. When the instruction is read as a whole we fail to see how the jury could have been misled. As said by this court in the case of Burgess v. Kansas City, Mo. App., 242 S.W.2d 591, 593:

"The meaning of an instruction must be determined from its entirety and *not by considering only isolated words or phrases."* (Emphasis supplied.)

The two cases cited by defendant are readily distinguishable from the instant case.

The judgment is affirmed. All concur.