**John W. FOOTE, Respondent,**

v.

**Betty J. THOMPSON, Appellant.**

**No. 24411.**

Kansas City Court of Appeals.

Missouri.

Oct. 4, 1966.

Joseph A. Sherman, Deacy & Deacy, Kansas City, for appellant.

Allan R. Browne, Ennis, Browne & Martin, Kansas City, for respondent.

BLAIR, Judge.

A collision in the intersection of Guinotte Street and Park Avenue, in Kansas City, between an International truck operated by plaintiff, John W. Foote, and a Chevrolet automobile operated by defendant, Betty J. Thompson, gave rise to an action by plaintiff against defendant for personal injuries. Plaintiff submitted his case to the jury on humanitarian negligence and was

awarded a verdict and judgment for $2,-000.00. Defendant's motion for a new trial was overruled and she appeals. The rulings we now proceed to make will disclose that the questions presented by this appeal require no recital of the circumstances attending the collision or of any act or omission of either party which may have been responsible for it.

At plaintiff's request, the trial court gave the jury the following instruction:

## "INSTRUCTION NO. 3

Your verdict must be for the plaintiff, whether or not plaintiff was negligent, if you believe:

FIRST, plaintiff was in a *position of imminent* danger of being injured and was injured; and,

SECOND, defendant, by using the highest degree of care should have known of such *position of imminent* danger; and,

THIRD, at the moment when defendant first could have known of such *position of imminent* danger, defendant still had enough time so that by using the means available to defendant and with reasonable safety to defendant and all others, and by using the highest degree of care, defendant could have avoided injury to the plaintiff by either slackening her speed and swerving or stopping; and,

FOURTH, defendant negligently failed to so slacken defendant's speed and swerve, or stop; and,

FIFTH, plaintiff's damage directly resulted therefrom." (Emphasis supplied.)

The challenges to this instruction are two in number. The first is that the instruction, instead of employing the emphasized words *"position of imminent danger"*, should have employed the words *"position of immediate danger"*. Defendant argues that to this extent the instruction departs from MAI No. 17.15, applicable to plain-

tiff's case, in violation of Civil Rule 70.01 (b) (c), V.A.M.R., which is as follows:

"(b) Whenever Missouri Approved Instructions contains an instruction applicable in a particular case which the appropriate party requests or the court decides to submit, such instruction shall be given to the exclusion of any other on the same subject.

"(c) The giving of an instruction in violation of the provisions of this rule shall constitute error, its prejudicial effect to be judicially determined."

■ MAI Instruction No. 17.15 does indeed employ the words "position of *immediate* danger" and plaintiff's Instruction No. 3, employing instead the words "position of *imminent* danger", does differ from it but only in this single respect. Our duty then is to determine whether the employment in plaintiff's Instruction No. 3 of the words "position of imminent danger", rather than the words "position of immediate danger", even though this is error by force of Civil Rule 70.01(b) (c), was actually error prejudicial to the substantial rights of defendant. Civil Rule 70.01(c), declaring the "giving of an instruction in violation of the provisions of this rule shall constitute error" is not intended to be an arbitrary and inflexible command to courts to pronounce every violation departing from applicable MAI instructions reversible error. Such a construction would obviously lead to absurd results so easily imaginable that it is needless for us to develop or multiply any of them. The violation must be prejudicial. Is the violation here prejudicial?

Long ago our appellate courts began defining "imminent" danger or peril as "immediate" danger or peril when employed in negligence instructions. 32 Mo.Digest, Words and Phrases, pp. 300, 302, and decisions cited. Both words have always been held to be ordinary English words whose meaning is accurately and easily understood by juries of ordinarily intelligent laymen "without further definition". Newman

v. St. Louis Public Service Co., Mo., 244 S.W.2d 45, 48; Wilkerson v. Smith, Mo. App., 366 S.W.2d 511, 514; Welch v. Mc-Neely, Mo., 269 S.W.2d 871, 876; Lafferty v. Wattle, Mo.App. 349 S.W.2d 519, 529; Henrickson v. Resnik, Mo.App., 390 S.W.2d 610, 618. Invariably our appellate courts have declared the words "imminent" and "immediate" to be synonymous words. Teague v. Plaza Express Co., 356 Mo. 1186, 205 S.W.2d 563, 566; Loyd v. Moore, Mo. App., 390 S.W.2d 951, 955; Lane v. Wilson, Mo.App., 390 S.W.2d 943, 947; Burks v. Wilson, Mo.App., 356 S.W.2d 121, 128; Vol. 22 Mo.Digest, Negligence, ☞83.6. Our appellate courts still do. Calvert v. Super Propane Corporation, Mo. (1966) 400 S.W. 2d 133, 140.

■ Holding in view the identical meaning ascribed to these words by our appellate courts, we cannot possibly rule that the substitution in plaintiff's Instruction No. 3 of the word "imminent" for its legally identical twin "immediate" prejudiced the defendant by any measure. This challenge to this instruction is without merit.

■ The second challenge to plaintiff's Instruction No. 3 is that it was "further erroneous in that it was in direct conflict with the defendant's Instruction No. 7, which follows the approved form of converse instructions found in MAI 29.06(6), and utilizes the phrase 'position of immediate danger'. Thus, the two instructions submitted two different places of danger to be considered by the jury in determining liability". In view of our ruling on the first challenge, we must rule that the plaintiff's Instruction No. 3 and defendant's Instruction No. 7, although one used the word "imminent" and the other the word "immediate", submitted the same place of danger to be considered by the jury in determining liability and not different places. Dixon v. General Grocery Company, Mo., 293 S.W.2d 415, 421, cited by defendant, is of no relevance to what we are presently deciding. We have considered all authorities adduced by defendant. None persuades. Independent research develops nothing to support her. The second challenge is without merit.

Plaintiff's Instruction No. 4 is also the subject of two challenges. It reads as follows:

## "INSTRUCTION NO. 4

If you find the issues in favor of the Plaintiff, then you must award the plaintiff such sum as you believe will fairly and justly compensate the plaintiff for any *injuries and* damages you believe the plaintiff sustained and is reasonably certain to sustain in the future, as a direct result of the occurrence mentioned in the evidence." (Emphasis supplied).

The first challenge is that Instruction No. 4 is erroneous due to the addition of the emphasized words "injuries and" which are not included in MAI No. 4.01 prescribed for use in actions for personal injuries and property damage. It is true that applicable MAI No. 4.01 employs only the word "damages" and not the emphasized words and to this extent plaintiff's Instruction No. 4 violates Civil Rule 70.01(b) (c) supra, and is erroneous. As we have noticed, however, this error, standing alone, is not justification for reversal unless it prejudicially affected the substantial rights of the defendant.

The only suggestions defendant puts forward to convince that plaintiff's Instruction No. 4 is of a prejudicial quality are embraced in its second challenge which reads: "Plaintiff's Respondent's instruction No. 4 is further erroneous by using the phrase 'injuries and damages'. These words in combination become argumentative, confusing and suggest to the jury an award for double damages would be permissible and further permits the jury to speculate and guess as to the basis for an award to the plaintiff".

■ The propriety of a questioned instruction must be considered in the light of the evidence and issues to which it relates. Jurgens v. Thompson, 350 Mo. 914, 169 S.W. 2d 353, 357; Hold v. Terminal R. R. Ass'n

of St. Louis, 356 Mo. 412, 201 S.W.2d 958, 963; Cantwell v. Cremins, 347 Mo. 836, 149 S.W.2d 343, 344; 27 Mo.Digest, Trial, ☞285. The plaintiff's petition alleged personal injuries only and prayed for nothing else. No suggestion is made by the defendant in her brief that any evidence disclosed any damages due plaintiff other than damages for his personal injuries. We have studied this record from end to end and in the whole of it we have discovered no slightest intimation that anyone participating in the trial suggested that plaintiff was claiming anything except an award for his personal injuries. No suggestion was made by anyone that plaintiff claimed any damages for the truck he was driving. No detailed description was given by any witness regarding the damages to either of the two colliding vehicles. No mention was made of what it would cost to repair either vehicle or of what might be the diminution in its market value following the collision. All participating in the trial agreed that plaintiff did not even own the truck he was driving and that it was owned by his employer who was not a party to the case. The opening statements and the arguments to the jury are not in the record, but we believe they would be if plaintiff had made any suggestion that the jury should award him any sum for anything except his personal injuries. Who can argue with any face or force that we are not justified in assuming that the evidence and issues were directed at no other damages than personal injuries? We make this assumption.

■ Instructions to juries must be read as an entirety and in combination, and we must look to all the instructions to ascertain if a jury composed of ordinarily intelligent laymen, reading all the instructions together, would be misled by plaintiff's Instruction No. 4 in any of the respects suggested by the defendant. Machens v. Machens, Mo., 263 S.W.2d 724, 732; Bidleman v. Morrison Motor Freight, Mo.App., 273 S.W. 2d 745, 750; McKeon v. Citizens' Ry. Co., 43 Mo. 405, 407; 27 Mo.Digest, Trial, ☞295(1), Raymond, Missouri Instructions,

Vol. 1, Section 209. The trial court gave Instruction No. 8 (and no one asserts it is objectionable) which was prefaced by the customary information that nine or more jurors could return a verdict for either party; that a unanimous verdict needed only the signature of the foreman; and that a verdict by nine or more, and less than twelve, needed the signature of all jurors agreeing. In the same instruction, forms for verdict for both plaintiff and defendant were set forth. The form for a verdict for the plaintiff was as follows:

"If all of you agree upon a verdict, for plaintiff, it may be in the following form:

'We, the jury, find the issues in favor of the plaintiff and assess plaintiff damages as follows:
For personal injuries $————
(here insert the amount or if none write the word "none")
————————Foreman.' "

After deliberation, the jury returned the following verdict: "We the jury find the issues in favor of the plaintiff and assess plaintiff damages as follows
for personal injuries $2000.00.
Foreman
Howard C. Sanders."

■ Reading Instruction No. 8 and the form for verdict for the plaintiff it submitted, the plaintiff's Instruction No. 4, as well as the verdict actually returned, we discover nothing in this combination to support defendant's theory that plaintiff's Instruction No. 4 suggested an award for double damages or that the jury could engage in speculation and guesswork regarding the basis for that award. We are convinced on this whole record, and by these instructions, and by the verdict, that a jury of ordinarily intelligent laymen would regard the words "injuries and damages" in plaintiff's Instruction No. 4 as being in apposition to each other and synonymous and not as suggestive of two different awards, and that the jury in this case did so. The only *ver-*

*dict* the jury was told it could return for plaintiff was one exclusively and expressly for personal injuries and nothing else. The *verdict* it did return was altogether responsive and was exclusively and expressly for personal injuries and nothing else. To adopt defendant's suggestions that plaintiff's Instruction No. 4 on this record misled the jury in any of the respects she claims, would be substituting shadow for substance, illusion for reality. Obviously there is no merit in either of the challenges to Instruction No. 4.

Even though plaintiff's Instructions numbered 3 and 4 are erroneous to the extent we have pointed out, we discover no "prejudicial effect" in them, Civil Rule 70.01(b) (c), and no error in them "materially affecting the merits of the action", Civil Rule 83.13 (b), and therefore we must affirm the judgment.

It is so ordered.

All concur.